UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY ENOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24CV499 HEA |
| ) | |
| LELAND DUDEK,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for disability insurance benefits under Title II of the Social Security Act 42 U.S.C. §§ 401-434(g) and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

INTRODUCTION

---

[1] Leland Dudek became the Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed this action pursuant to 42 USC §405(g) for judicial review of Defendant's final decision denying Plaintiffs applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI.

On September 25, 2015, and November 14, 2016, Plaintiff filed applications for DIB and SSI benefits, respectively. (Tr. 160-1, 175-82). On February 5, 2016, Defendant issued a Notice of Disapproved Claims. (Tr. 91-5). On  February 16, 2016, Plaintiff filed a timely Request/or Hearing by Administrative Law Judge (ALJ). (Tr. 109-112).  After a hearing, the ALJ issued an unfavorable decision dated January 26, 2018. (Tr. 13-33). On February 16, 2018, Plaintiff filed a timely Request for Review of Hearing Decision/Order with Defendant agency's Appeals Council that was undated. (Tr. 156-9). On August 7, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). On October 4, 2018, Plaintiff filed a complaint in this Court and on December 30, 2019, this Court issued a Memorandum and Order reversing and remanding the case to the ALJ. (Tr. 550-61, 590-616, 617). February 14, 2020, the Appeals Council Ordered the case back to the ALJ. (Tr. 618-22). After a second hearing, the ALJ issued another unfavorable decision dated October 6, 2020. (Tr. 427-53). On January 13, 2021, plaintiff filed a

second complaint in this Court, which resulted in a second Remand Order dated November 8, 2023. A third hearing was held and a third unfavorable decision was issued dated December 20, 2023. (Tr. 902-928). Plaintiff's case is, again, before this Court as the decision of the ALJ became the final decision of the Agency. Plaintiff has exhausted all administrative remedies.

Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her application for DIB and SSI. Plaintiff argues that the administrative law judge (ALJ) erred in relying on a non-examining physician's residual functional capacity assessments which were completed almost a year prior to the hearing as not based on the full record. She further argues the decision lacks a proper evaluation of Plaintiff's treating providers, Dr. Giuffra and Psychiatric Mental Health Nurse Practitioner (PMHNP) Cunningham.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 (Tr. 160-63, 175-85). Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), provide for judicial review of a "final decision" of the Commissioner of the Social Security Administration (SSA). The applications were denied initially and by an ALJ in January 2018, following an administrative hearing (Tr. 523-43). The Appeals Council denied Plaintiff's request for review in August 2018 (Tr. 544-49)

and, following a complaint filed by Plaintiff, the District Court for the Eastern District of Missouri remanded the case in December 2019 (Tr. 590-617). The Appeals Council later vacated the ALJ's decision and remanded the claim in February 2020 (Tr. 618-22). After a new hearing, an ALJ again found Plaintiff not disabled in October 2020 (Tr. 961-87). A new complaint was filed in July 2021, and the Court remanded the claim in November 2022 (Tr. 988-1009). Following the Appeals Council's order of remand (Tr. 1010-12) and a new administrative hearing (Tr. 929-53), an ALJ again found Plaintiff not disabled as defined in the Act (Tr. 902-28). This action followed.

The ALJ found that Plaintiff's bipolar affective disorder was a severe impairment (Tr. 908). At step three of the sequential assessment, the ALJ found moderate limitations in all four broad areas of functioning and that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of an impairment listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 909-11).

The ALJ considered the medical and nonmedical evidence and determined that Plaintiff retained the RFC to perform work with mental and social limitations (Tr. 911). Specifically, Plaintiff was limited to work that required only occasional changes in the work setting that were introduced gradually and could maintain the concentration required to understand, remember, and carry out simple and routine

tasks and could stay on task and meet reasonable production requirements in an environment that allowed her to maintain a flexible and goal-oriented pace but could not work at a fast pace such as an assembly line (Tr. 911). Plaintiff could have occasional interaction with supervisors and occasional interaction with co-workers, but could not perform tandem tasks, and occasional superficial interaction with the public such as providing limited information in response to questions, but the work must not involve things like handling customer complaints or responding to customer questions as a primary component of the job (Tr. 911).

The ALJ posed a hypothetical question to a qualified vocational expert assuming an individual with Plaintiff's vocational profile and RFC (Tr. 950). In response, the vocational expert identified work existing in significant numbers in the national economy that the individual could perform (Tr. 951). Accordingly, the ALJ found that Plaintiff was not disabled (Tr. 918).

Plaintiff filed her applications for dib and SSI alleging disability beginning September 23, 2015 (Tr. 160-63, 175-85, 219). She stated that she was born in 1965, and she alleged disability due to bipolar affective disorder, anxiety and panic attacks, major recurrent depression, and arthritis (Tr. 160, 175, 219). The Court further adopts the facts as set forth by the ALJ regarding Plaintiff's medical treatment and vocational history (Tr. 907-17).

## DISCUSSION

As long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm. *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). The court "do[es] not reweigh the evidence or review the factual record de novo." *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

Plaintiff argues that the ALJ cannot rely on a non-examining physician's RCE when the agency RFC assessments, were not based on the full record. Plaintiff's argument fails to recognize that although the ALJ found Dr. Skolnick and Dr. Akenson's opinions entitled to significant weight, she also discussed the subsequent evidence in the record and formulated a significantly more restrictive RFC than Dr. Skolnick. (Tr. 911-14) Moreover, the ALJ discussed the evidence that Plaintiff's symptoms responded to medication with normal mental status findings throughout Plaintiff's treatment. (Tr. 1168, 1231-32, 1238-40, 1245-47, 1252-54, 1259-61, 1266-68, 1271-72, 1277, 1287, 1292).

Likewise, the ALJ discussed the consistency of Dr. Akenson with Plaintiff's medical records. Dr. Akeson noted that Plaintiff did not routinely experience episodes of manic and/or depressive behavior and was not hospitalized since 2015. Indeed, the record establishes that to date, Plaintiff has not been hospitalized since briefly in 2015. Again, the ALJ found a more restrictive RFC than Dr. Akeson.

Although Plaintiff argues the ALJ again did the "exact same thing in this decision as in the previous decisions," Plaintiff fails to recognize the ALJ's decision is based on Plaintiff's treatment, daily activities, Plaintiff's abilities to carry out normal functions such as caring for her children, driving, helping care for the family pet, perform normal grooming functions, drive, shop, present as alert, oriented, pleasant and cooperative with appropriate mood and affect, with intact memory, intelligence, attention, concentration, judgment, and insight. The ALJ did not merely rely on the two consultive opinions, but based her decision on the opinions and the medical record before her and Plaintiff's own testimony as to her daily functions

Significantly, the ALJ's opinion appropriately assessed Plaintiff's use of marijuana and alcohol use, the issue on which the matter was remanded in 2023. The ALJ found that neither marijuana nor alcohol was a significant factor in Plaintiff's disability determination.

With respect to the weight given to Plaintiff's treating medical providers, Dr. Giuffra and Nurse Practitioner Masha Cunningham, the ALJ carefully discussed Dr. Giuffra's treatment notes, the length of treatment and effectiveness of Plaintiff's symptoms. (Tr. 916-17). Each opinion offered by Dr. Giuffra was discussed by the ALJ. The ALJ noted inconsistencies with the record and specific inconsistencies between his treatment notes and opinions.

Nurse Practitioner Cunningham's opinion was given partial weight because her opinion as to marked limitations were not consistent with the record. Indeed, Nurse Practitioner Cunningham was not completely committed to a finding that Plaintiff's stopping work was due to her mental health. The ALJ carefully considered Nurse Practitioner Cunningham's opinion vis a vis the entire record and concluded that it was not fully supported.

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id*. (quotation omitted); see also *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011. The ALJ's opinion is based on the entire record, the inconsistencies noted in Plaintiff's treating providers, and Plaintiff's own description of her impairments and daily functioning. As such, it is supported by substantial evidence on the record as a whole and must be affirmed.

CONCLUSION

Based on the forgoing analysis, the ALJ's decision is supported by the appropriate standard and is affirmed.

Accordingly

**IT IS HEREBY ORDERED** that the Commissioner's decision is affirmed.

Dated this 10th day of March 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE